

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
FEB 28 2019
Clerk, U S District Court
District Of Montana
Billings

| UNITED STATES OF AMERICA, | Cause No. CR 12-066-BLG-SPW |
| --- | --- |
| Plaintiff/Respondent, | CV 18-139-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| BENJAMIN QUINN McCHESNEY, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Benjamin Quinn McChesney's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. McChesney is a federal prisoner proceeding pro se.

## I. Background

A jury convicted McChesney of stealing firearms from a licensed dealer, a violation of 18 U.S.C. § 924(m) (Count 2); stealing firearms that had been transported in interstate and foreign commerce, a violation of 18 U.S.C. § 924(l) (Count 3); and possessing stolen firearms, a violation of 18 U.S.C. § 922(j) (Count 4). *See* Indictment (Doc. 1) at 4–5;[1] Verdict (Doc. 127) at 1.

At sentencing, McChesney's advisory guideline range was 87 to 108

---

[1] The United States moved to dismiss Count 1 of the Indictment before trial. *See* Order (Doc. 104) at 6, 7 ¶ 6.

1

months. *See* Statement of Reasons (Doc. 164) at 1 § III. The statutory maximum for each count of conviction was ten years. *See* 18 U.S.C. § 924(a)(2), (l), (m). On October 30, 2013, McChesney was sentenced to serve 120 months in prison on each count, all concurrently, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 163) at 2–3.

McChesney appealed. The Court of Appeals affirmed his conviction on September 11, 2017. *See United States v. McChesney*, 871 F.3d 801, 810 (9th Cir. 2017).

McChesney's conviction became final on December 10, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on September 6, 2018. *See* Mot. § 2255 (Doc. 277) at 6 Decl. ¶ C; *Houston v. Lack*, 487 U.S. 266, 270 (1985).

## II. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring)

2

(referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

### III. Claims and Analysis

McChesney raises three claims related to his sentence. In some respects he alleges the sentencing judge erred, and in others he alleges counsel was ineffective.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, McChesney must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### A. Placement in High Security Prison

The Federal Bureau of Prisons ("BOP") decides where to place a defendant serving a prison term. *See* 18 U.S.C. § 3621(b). McChesney asserts that Judge Nielsen, who presided at trial and sentencing, "directed/recommended to the

B.O.P. that he be placed in high security due to his criminal history and the fact that he had released firearms in the community." McChesney claims he discovered this recommendation "[u]pon reviewing his S.O.R.," meaning the Statement of Reasons accompanying the judgment. Mot. § 2255 (Doc. 277-1) at 4.

The Court is not aware of a restriction on Judge Nielsen's discretion to recommend placement at a high security facility. But, in fact, Judge Nielsen did not make any recommendation about McChesney's placement. *See* Statement of Reasons (Doc. 164) at 1–4; Judgment (Doc. 163) at 1–6; Sentencing Tr. (Doc. 179) at 3–39. This claim, *see* Mot. § 2255 (Doc. 277-1) at 1–10, is denied.

## B. Restitution

McChesney claims his sentencing counsel was ineffective because he failed to challenge the amount of restitution and, as a result, McChesney is required to pay more than the amount actually lost.

The presentence report stated, in part:

> MT Sports . . . provided the U.S. Probation Office with a victim's statement that claimed a loss in the amount of $40,076.38. Conway Freight reimbursed MT Sports $2,163.00 for the loss of the freight, and Affiliated FM Insurance Company paid MT Sports $11,421.48 for the loss of the firearms. A total of $26,491.90 has not been reimbursed.

Presentence Report ¶ 24. McChesney was ordered to pay restitution in the amount of $40,076.38. *See* Judgment (Doc. 163) at 5; Sentencing Tr. (Doc. 179) at 34:8–24.

4

McChesney argues that MT Sports did not lose the $11,421.48; the insurance company repaid it. McChesney is correct that Affiliated FM Insurance Company reimbursed MT Sports $11,421.48 for its loss. That is why McChesney is required to pay restitution in the amount of $11,421.48 to Affiliated FM Insurance Company rather than to MT Sports. He is also required to reimburse Conway Freight for the $2,163.00 it paid to MT Sports. These two amounts, plus the $26,491.90 McChesney is required to pay MT Sports total $40,076.38, the value of the firearms he stole from MT Sports. He does not allege any fact that could alter the total restitution amount. This claim, see Mot. § 2255 at 11–12, is denied.

### C. Credit for Time Served

McChesney contends that his sentence should be reduced to reflect credit for time he spent in custody on a prior conviction that was vacated as unconstitutional before he committed the offense in this case. He made this argument at sentencing. Judge Nielsen rejected it. See Sentencing Tr. (Doc. 179) at 12:2–21; see also Objections, Presentence Report Addendum at 7 (citing U.S.S.G. § 5K2.0(a)(2)).

As Judge Nielsen said, assessing credit for time served in custody before sentencing is a matter for the Bureau of Prisons. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333–36 (1992). The Court is not aware of any law

5

supporting a claim of entitlement to the credit McChesney claims.

To the extent a judge might have found a lesser sentence was reasonable in this case in view of the time McChesney previously spent in prison, *see* 18 U.S.C. § 3553(a), McChesney had ample opportunity at sentencing, *see* Sentencing Tr. at 15:7–30:1; Fed. R. Crim. P. 32(i)(4)(A)(ii), to say that he committed the instant offense because he was under economic pressure and did not want to lose custody of his daughter, *see* Mot. § 2255 at 14. Counsel gave several reasons for a lesser sentence. *See, e.g.*, Sentencing Tr. at 13:1–15; Sentencing Mem. (Doc. 155) at 2–4. There is no reason to infer that counsel's failure to say what McChesney himself didn't say rendered his performance unreasonable.

Nor is there a reasonable probability that counsel would have persuaded the judge to reduce the sentence to account for time spent in custody on the prior matter. McChesney was released from custody in that matter on August 24, 2009, nearly a full year before he committed the offenses in this case. *See* Indictment (Doc. 1) at 4–5 (alleging offenses committed on or about August 3, 2010); *see also* Order (Doc. 530), *United States v. McChesney*, No. CR 03-78-BLG-RFC (D. Mont. Aug. 24, 2009) (setting conditions of pretrial release after granting of motion under 28 U.S.C. § 2255); Order (Doc. 559), *McChesney*, No. CR 03-78-BLG (D. Mont. Jan. 21, 2010) (dismissing indictment).

This claim, *see* Mot. § 2255 at 13–15, is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

McChesney's claims do not meet the relatively low standard for issuance of a COA. He misstates the record concerning both the judge's non-recommendation and restitution. No law supported a claim for credit for time spent in custody on a prior unconstitutional conviction, and there is no reasonable probability he would have received credit for that time if only counsel had pushed the issue more forcefully. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. McChesney's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 277, 277-1) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if McChesney files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 18-139-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against McChesney.

DATED this 28th day of February, 2019.

*Susan P. Watters*
Susan P. Watters
United States District Court