IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN MCCHESNEY,<br><br>Defendant. | CR 12-66-BLG-SPW<br><br>ORDER |

On September 16, 2024, Defendant Benjamin McChesney filed a motion seeking early termination of his supervised release. (Doc. 282). In October 2013, McChesney was sentenced to 120 months imprisonment followed by three years supervised release. (Doc. 163). Additionally, McChesney was ordered to pay restitution of $40,076.38 and a special assessment of $300. (*Id.*).

McChesney began his term of supervised release on May 25, 2023, therefore, he has served almost half his supervised release sentence. (Doc. 282 at 1; Doc. 163 ("[Three] Years . . . on Counts II, III, and IV, to be served CONCURRENT to one another.")). He had minimal issues on release and successfully communicates with his U.S. Probation Officer. (Doc. 282 at 1). McChesney has earned income on supervised release through buying and selling cars, running an LLC, and managing businesses for his brother. (Doc. 282 at 1). He requests early termination so that he may travel more frequently for business and to visit his daughter in Mexico. (*Id.* at

1

2).

The Government opposes McChesney's motion "due in part to McChesney's failure to make progress on his obligations to his victims." (Doc. 287 at 2). Since sentencing, McChesney has paid $1,470 to his victims and $175 of his special assessment fee. (*Id.* at 3). The Government notes that the Court directed McChesney to pay a restitution amount of $1,214.43 per month, however, McChesney neither made monthly payments nor notified the Court of a change in economic circumstances requiring an alternative payment plan under 18 U.S.C. § 3667(k). (*Id.* (citing Docs. 163, 281)). The Government argues that McChesney's current business ventures and future travel plans do not demonstrate sufficient efforts to pay restitution. (*Id.* at 4). Rather, McChesney's actions demonstrate personal gain at the expense of his victims. (*Id.*). Therefore, the Court should deny McChesney's motion so that he remains "accountable for payment of restitution, regular employment, and his obligations to his victims." (*Id.* at 4).

The Court appreciates McChesney's compliance and acknowledges his success. However, the Court agrees with the Government. Under the Crimes Victim's Rights Act, a crime victim has "[t]he right to full and timely restitution." 18 U.S.C. § 3771(a)(6). Continuing McChesney's supervision will help ensure that restitution payments are made fully and timely.

Accordingly, IT IS HEREBY ORDERED that McChesney's motion for early

termination of supervised release (Doc. 282) is DENIED.

DATED this 28th day of October, 2024.

_____
SUSAN P. WATTERS
United States District Judge